# MANHATTAN RIVER GROUP, LLC
# MUTUAL AGREEMENT TO ARBITRATE

In recognition of the fact that differences may arise out of or relating to certain aspects of your employment relationship with Manhattan River Group, LLC d.b.a. La Marina (the "Company") or the termination of that relationship, and in recognition of the fact that resolution of any differences in the courts is rarely timely or cost effective for either party, you and Company have entered into this Agreement in order to establish and gain the benefits of a speedy, impartial and cost-effective dispute resolution procedure.

1. **Claims Subject to Arbitration.** You and the Company acknowledge that by agreeing to arbitration, you are both WAIVING ANY RIGHTS TO A JURY TRIAL. Except for the claims set forth in Paragraph 2, below, you and the Company mutually agree resolve by final and binding arbitration any and all disputes, claims, or controversies of any kind or nature ("Claims") that could be brought in a court including but not limited toto such matters arising from, related to or in connection with your seeking employment with the Company, your employment relationship withthe Company, the termination of your employment with the Company, or that the Company may have against you, including any claim that could have been brought before any court. For purposes of this Agreement, the term Company includes, but is not limited to, past and present parents, affiliates and subsidiaries of the Company and each of their respective past and present employees, independent contractors, owners, agents, officers, directors, board members, shareholders, successors, assigns, benefit plans and sponsors, fiduciaries, administrators or insurers). The Claims subject to arbitration include, without limitation, (a) any Claims arising from, related to or in connection with: (i) any federal, state or local law or regulation prohibiting discrimination, harassment or retaliation based on race, color, religion, national origin, sex, age, disability or any other condition or characteristic protected by law; (ii) any alleged breach of contract or covenant, whether express or implied; (iii) any alleged violation of any federal, state, local, or other constitution, statute, ordinance, regulation, common law, or public policy; (iv) any dispute regarding wages, hours, bonuses or other compensation or payment; and/or (v) any personal, emotional, physical, economic, property or any other injury, loss or harm; and (b) any Claims that the Company may have against you, including, without limitation, any alleged trade secret violations.

2. **Claims Not Subject to Arbitration.** Nothing in this Agreement shall prohibit you from filing a charge, complaint or claim, or communicating or cooperating with, providing information to, or participating in an investigation by the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the U.S. Department of Labor, the Occupational Safety and Health Commission, or any other federal, state or local administrative agency, provided however that, to the full extent permitted by law, any Claims seeking monetary relief must be asserted in arbitration pursuant to this Agreement. This Agreement expressly does not apply to any Claims by you: (a) for state Workers' Compensation benefits; (b) for unemployment insurance benefits filed with the appropriate government entity; (c) arising under a benefit plan where the plan expressly specifies a separate arbitration procedure; (d) arising under the National Labor Relations Act and filed through a charge with the National Labor Relations Board; or (e) which are otherwise expressly prohibited by law from being subject to arbitration under this Agreement.

3. **Class, Collective and Representative Action Waivers.** To the fullest extent permitted by law, and notwithstanding anything else in this Agreement, you and the Company agree that any Claims brought by the Company, by you or on your behalf shall be decided by the arbitrator on an individual basis and not on a class, collective or representative basis. Accordingly, class, collective and representative actions are not permitted under this Agreement. The arbitrator shall not have the authority or jurisdiction to hear the arbitration as a class, collective or representative action or to join or consolidate causes of action of different parties into one proceeding. To the fullest extent permitted by law, you and the Company agree that they have waived, to the maximum extent possible, any of their rights to bring or participate in class, collective or representative actions with respect to any Claims. Notwithstanding the foregoing, if and to the extent applicable law precludes you or the Company from waiving any right to bring class, collective or representative claims, and provided that the applicable law is not preempted by the Federal Arbitration Act or other federal law, then the parties hereto agree that such class, collective or representative claims shall not be subject to the terms of this Agreement and shall be heard by a court of competent jurisdiction.

4. **Procedure.** Any arbitration will be filed with and conducted by JAMS. The arbitration shall be held at the JAMS office located in Manhattan, New York, or at a location mutually agreed to by the parties, pursuant to the JAMS Employment Arbitration Rules and Procedures ("Rules") in effect at the time the demand for arbitration is filed, except as modified by this Agreement (including, without limitation, as modified in Paragraph 12). You understand that you may obtain a copy of the most current Rules by visiting JAMS' website, currently located at http://www.jamsadr.com/rules-employment-arbitration/, or by contacting Jerald Tenenbaum (jt@lamarinanyc.com). If JAMS is unable or unwilling to accept the matter for any reason, the parties will submit the matter to a comparable arbitration service, which will apply the then-current Rules unless otherwise agreed to by the parties to the arbitration and as modified by this Agreement. Arbitration shall be initiated and all Claims shall be decided by a single, neutral arbitrator.

5. **Discovery and Motions.** The parties to the arbitration shall be entitled to conduct reasonable discovery and the arbitrator shall have the authority to determine what constitutes reasonable discovery. The arbitrator will have the authority to hear and grant motions, including but not limited to motions for summary judgment and summary adjudication.

6. **Remedies.** The arbitrator may award any form of remedy or relief (including injunctive relief) that would otherwise be available in court and any such form of remedy or relief awarded must comply with applicable state and federal law.

7. **Decision.** The arbitrator shall issue a written and signed decision within thirty (30) days of the deadline for submission of post-hearing briefs. The arbitrator's award shall be final and binding and shall contain the essential findings of fact and conclusions of law on which the decision is based. Judgment upon the award may be entered, and enforcement may be sought, only in a New York state court of competent jurisdiction.

8. **Right of Appeal.** The arbitrator shall not have the power to commit errors of law or legal reasoning. The arbitrator's final award is subject to review for legal error, confirmation, correction or vacatur only in a New York state court of competent jurisdiction. Solely in the event that a court should find that it does not have legal authority, or otherwise refuses, to review the arbitrator's decision for

legal error, then any party to the arbitration shall have a right to appeal the arbitrator's final award pursuant to the rules and procedures set forth in the JAMS Optional Arbitration Appeal Procedure ("Appeal Rules") in effect at the time the appeal is served, except as modified by this Agreement. Employee understands that he or she may obtain a copy of the most current Appeal Rules by visiting JAMS' website, currently located at http://www.jamsadr.com/appeal/, or by contacting Jerald Tenenbaum at jt@lamarinanyc.com. The appeal must be filed with JAMS within thirty (30) days of the court's decision to not review the arbitrator's final award for legal error, provided that the deadline shall be tolled in the event a party seeks appellate review of the court's decision.

**9. Arbitration Fees and Costs.** To the extent required by law, Company shall bear all reasonable and necessary fees and costs of the arbitration forum that Employee would not otherwise be required to bear if the Claims were brought in court. In all other circumstances, Company and Employee will each pay fifty percent (50%) of the fees and costs of the arbitration forum. The parties shall be responsible for their own attorneys' fees and costs, except that the arbitrator shall have the authority to award attorneys' fees and costs to the prevailing party in accordance with the substantive law governing the Claims. Any controversy regarding the payment of fees and costs under this Agreement shall be decided by the arbitrator.

**10. Law Governing Claims.** The arbitrator shall apply New York and federal law, as applicable, to any Claims and defenses asserted by the parties.

**11. Law Governing This Agreement.** Notwithstanding any other provision of this Agreement, the Federal Arbitration Act shall govern the interpretation and enforcement of this Agreement, the procedures for the arbitration, and the substantive governing law for review for legal error, confirmation, correction or vacatur of the arbitrator's final award.

**12. Determination of Arbitrability.** A New York state court with jurisdiction over a party's Claims, and not the arbitrator, shall have the exclusive authority and jurisdiction to resolve any issue relating to the formation or enforceability of this Agreement, or any issue relating to whether Claims are subject to arbitration under this Agreement. Employee and Company agree that they are subject to the jurisdiction of New York state courts for these purposes.

**13. At-Will Employment.** This Agreement is not, and shall not be construed to create, any contract of employment, express or implied. This Agreement shall not be construed in any way to change Employee's employment status from at-will or to modify, nullify or otherwise affect the at-will agreement between you and the Company.

**14. Revocation and Modification.** This Agreement shall survive the termination of your employment relationship with Company. The Agreement shall apply to any Claims whether they arise or are asserted during or after termination of that relationship. This Agreement can be modified or revoked only by a writing signed by you and an executive of the Company that references this Agreement and specifically states an intent to modify or revoke this Agreement.

**15. Reformation and Severability.** If any clause or provision of this Agreement is declared void or unenforceable by any tribunal, then such clause or provision shall be modified or, if modification is not possible, stricken to the extent necessary to allow enforcement of this Agreement, and the

remaining provisions shall remain in full force and effect. However, in no event shall the arbitrator hear any Claims as class, collective or representative actions, even if Paragraph 3 of this Agreement, or any clause or provision contained therein, is adjudged void or is otherwise unenforceable. In other words, if one or more of the class, collective and/or representative action waivers in Paragraph 3 are found to be unenforceable, the specific type of waiver(s) found to be unenforceable shall be stricken from the Agreement and the respective action(s) that were the subject of the stricken waiver(s) shall be heard and determined through an appropriate court proceeding, and not in arbitration. All remaining Claims shall proceed in individual arbitration.

16. **Entire Agreement.** This Agreement constitutes the entire understanding between the parties with respect to the subject matter hereof, and it revokes and supersedes all prior or contemporaneous oral or written agreements or understandings on the subject of arbitration of the Claims. Neither party is relying or shall rely on any representations (whether oral or written) on the subject of the effect, enforceability or meaning of this Agreement. A scanned, copied or facsimile version of signatures on this Agreement is to be effective as original signatures.

**PLEASE READ THIS AGREEMENT CAREFULLY.** By entering into this Agreement, you agree to final and binding arbitration of any and all disputes between you and the Company including without limitation disputes related to your employment relationship and the termination thereof, and claims of discrimination and harassment. You also are agreeing to waive your right to a jury trial and to bring a claim on a class, collective or representative basis.

You acknowledge that you have read this Agreement, understand its terms and have been given the opportunity to discuss this Agreement with an advisor of your choice, including your own legal counsel, and have taken advantage of that opportunity to the extent you wish to do so.

Employee Name: _Connie Rodriguez_

Signature: _[signature]_   Date: _4/21/16_

Acknowledged and agreed on behalf of Manhattan River Group, LLC:

Name: _Josh Rosen_   Date: _4/21/16_
Title: _Managing Member_

7